J-S01008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| NICHOLE HAWKINS, | : | |
| | : | |
| Appellant | : | No. 172 EDA 2014 |

Appeal from the PCRA Order December 18, 2013
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0331852-1994

BEFORE:  GANTMAN, P.J., MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:               **FILED FEBRUARY 03, 2016**

Nichole Hawkins ("Hawkins") appeals from the Order dismissing her Petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 1995, Hawkins and her co-conspirator were convicted of murder of the second degree, criminal conspiracy, possessing an instrument of crime and five counts of robbery after committing an armed robbery at a massage parlor.[1]  The trial court sentenced Hawkins to life in prison for the murder conviction.  Hawkins was also sentenced to concurrent terms of 2½ to 5 years in prison for both the conspiracy and possessing an instrument of crime convictions, and concurrent terms of 10 to 20 years in prison for each robbery conviction.

---

[1] 18 Pa.C.S.A. §§ 2502(b), 903, 907, 3701.

This Court affirmed the judgment of sentence. *See Commonwealth v. Hawkins*, 718 A.2d 342 (Pa. Super. 1998) (unpublished memorandum). Hawkins did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

Hawkins, *pro se*, filed the instant PCRA Petition in October 2010. In July 2012, Hawkins filed an amended PCRA Petition. The PCRA court appointed Hawkins PCRA counsel, who filed a counseled, amended PCRA Petition in November 2013 and a supplement to the amended Petition in July 2013. The PCRA court issued a Notice of Intent to Dismiss without a hearing. On December 18, 2013, the PCRA court dismissed the Petition as untimely. Hawkins filed a timely Notice of Appeal.[2]

On appeal, Hawkins raises the following questions for our review:

I. Whether the PCRA [c]ourt erred by determining that [Hawkins's] PCRA Petition was untimely because [Hawkins's] sentence of mandatory life without parole for her conviction for felony murder [] is "cruel and unusual punishment" under Article 1, §§ 1, 9, and 13 of the Pennsylvania Constitution and "cruel and unusual punishment" under the Eighth and Fourteenth Amendments to the U.S. Constitution pursuant to the reasons set forth in *Miller v. Alabama*, 132 S. Ct. 2455 (2012)[,] and because [Hawkins] was not the shooter, she was an impaired person who was twenty-three years old when the decedent was shot and the age limitation of 18 years to qualify for relief under *Miller* is arbitrary and capricious.

II. Whether *Miller v. Alabama* applies retroactively to [Hawkins,] who has exhausted her appeal rights and is proceeding under the [PCRA] because: (1) *Miller's* companion case, *Jackson v. Hobbs*, 132 S. Ct. 548 (2011)[,] was decided

---

[2] There is a protracted procedural history following Hawkins's Notice of Appeal in January 2014, which is not relevant to this appeal.

on collateral review and (2) cases from both strands of precedent relied upon by the Court in **Miller** have been applied retroactively.

Brief for Appellant at 2.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Hawkins's judgment of sentence became final in 1998, when the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Because Hawkins did not file the instant PCRA Petition until 2010, her Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); ***Albrecht***, 994 A.2d at 1094.

Here, Hawkins cites the Supreme Court's recent decision in ***Miller, supra***, and invokes the newly recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii). Brief for Appellant at 13-23. In ***Miller***, the United States Supreme Court held that sentencing schemes that mandate life in prison without parole for defendants who committed their crimes while under the age of eighteen violate the Eighth Amendment's prohibition on "cruel and unusual punishments." ***Miller***, 132 S. Ct. at 2460. The Court reasoned that in light of a juvenile's diminished culpability and heightened capacity for change, mandatory juvenile sentencing schemes pose too great a risk of disproportionate punishment, in contravention of the Eighth Amendment. ***Id.*** at 2469.

Hawkins avers that the ***Miller*** rationale should be extended to include her sentence of life without the possibility of parole, even though she was

- 4 -

twenty-three years old at the time of the murder.[3]  Brief for Appellant at 13-16.  Further, Hawkins claims that **Miller** applies retroactively because **Jackson, supra**, was decided on collateral review, and because cases from both lines of precedent relied upon in **Miller** have been applied retroactively. **Id.** at 23-31.

Hawkins filed the instant PCRA Petition within sixty days of the date the **Miller** decision was filed, as required by the PCRA.  **See** 42 Pa.C.S.A. § 9545(b)(2).  However, the Supreme Court in **Miller** set forth a bright-line rule deeming mandatory sentences of life without parole unconstitutional for defendants under the age of eighteen.  Because Hawkins was twenty-three years old at the time of the murder, **Miller** does not apply.[4]  Accordingly, Hawkins has failed to plead and prove the exception provided in 42 Pa.C.S.A. § 9545(b)(1)(iii) to overcome the untimeliness of her Petition.

Order affirmed.

---

[3] Hawkins also cites this Court's decisions in **Commonwealth v. Devon Knox**, 50 A.3d 732 (Pa. Super. 2012), and **Commonwealth v. Jovon Knox**, 50 A.3d 749 (Pa. Super. 2012), and argues that her life without parole sentence is unconstitutional because she was convicted of murder of the second degree, rather than murder of the first degree, and because she was not the shooter.  In both cases, this Court held that mandatory life without parole sentences for juveniles convicted of murder of the second degree are unconstitutional.  **Devon Knox**, 50 A.3d at 745; **Jovon Knox**, 50 A.3d at 769.

[4] We note that the United States Supreme Court in **Montgomery v. Louisiana**, 2016 WL 280758, *5-*16 (2016), determined that **Miller** applied retroactively on collateral review.  However, because Hawkins was not eighteen years old at the time of murder, **Miller** does not apply.

J-S01008-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2016